FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2016 JUL 26   PH 2: 13

MIDDLE D.
ORLANDO...

GILBERT CAMARGO, on behalf of himself
and on behalf of all others
similarly situated,

       Plaintiff,

v.

**Case No.:**   6:16-cv-1348-ORL-31TBS

KBS FLOORING LLC,

       Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GILBERT CAMARGO ("Plaintiff"), by and through undersigned counsel, on behalf of himself and on behalf of all others similarly situated, brings this action against Defendant, KBS FLOORING LLC ("Defendant"), and in support of his claims states as follows:

### JURISDICTION AND VENUE

1.    This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for f, failure to pay overtime wages under 29 U.S.C. § 215(a)(3). This Complaint is filed as a collective action under 29 U.S.C. § 216(b).

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3.     Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Osceola County, Florida, which lies within the Middle District.

## PARTIES

4.     Plaintiff is a resident of Osceola County, Florida.

5.     Defendant operates a flooring business in St. Cloud, in Osceola County, Florida.

## GENERAL ALLEGATIONS

6.     Plaintiff has satisfied all conditions precedent, or they have been waived.

7.     Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8.     Plaintiff requests a jury trial for all issues so triable.

9.     At all times material hereto, Named Plaintiff was employed by Defendant as a carpet installer.

10.     The putative class of similarly situated employees consists of all other installers employed by Defendant within the last three years.  These similarly situated persons will be referred to as "Members of the Class" or "the Class."

11.     At all times material hereto, Plaintiff and Members of the Class were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

12.     At all times material hereto, Plaintiff and Members of the Class were "employees" of Defendant within the meaning of the FLSA.

13.     At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

14.     Defendant continues to be an "employer" within the meaning of the FLSA.

15.     At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

16.     At all times relevant to this action, Defendant engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

17.     At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

18.     At all times material hereto, Plaintiff and Members of the Class, while employed by Defendant, did not fall within any of the classes of employees who are exempt from the FLSA's minimum wage or overtime provisions under 29 U.S.C. § 213.

19.     Specifically, Plaintiff and the Class were not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff and Members of the Class had no authority to hire or terminate any other employee of Defendant; they had no special or professional qualifications and skills for the explicit use of which they were employed by Defendant; and they had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

20.     Thus, Plaintiff and Members of the Class are "non-exempt employees" who are covered by the FLSA.

3

21.     At all times material hereto, the work performed by Plaintiff and Members of the Class was directly essential to the business performed by Defendant.

## FACTS

22.     Plaintiff GILBERT CAMARGO began working for Defendant as a carpet installer in October 2015, and he worked in this capacity until April 2016.

23.     At various times material hereto, Plaintiff and Members of the Class worked hours in excess of forty (40) hours within a work week for Defendant, and they were entitled to be paid an overtime premium equal to one and one-half times their regular hourly rate for all of these hours.

24.     Defendant provided training to Plaintiff for his job.

25.     Defendant provided Plaintiff with tools and equipment Plaintiff needed to do his job.

26.     Defendant required Plaintiff to wear a shirt with Defendant's logo on it while Plaintiff was at work.

27.     By failing to accurately record all of the hours worked by Plaintiff and Members of the Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA. See 29 C.F.R. § 516.2

28.     Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

4

## COLLECTIVE ACTION ALLEGATIONS

29.     Plaintiff brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendant (the "Class") pursuant to 29 U.S.C. § 216(b). The Class is composed of installers whom Defendant failed to compensate for all overtime hours worked in accordance with the FLSA.

30.     Therefore, notice is properly sent to: "All installers whom Defendant failed to compensate for all of the overtime hours that they worked from 2013 to the present."

31.     The total number and identities of the Class members may be determined from the records of Defendant, and the Class may easily and quickly be notified of the pendency of this action.

32.     Plaintiff is similar to the Class because he and the Class have been unlawfully denied full payment of their overtime wages as mandated by the FLSA.

33.     Plaintiff's experience with Defendant's payroll practices is typical of the experiences of the Class.

34.     Defendant's failure to pay all overtime wages due at the premium rates required by the personal circumstances of the named Plaintiff or of the Class is common to the Class.

35.     Overall, Plaintiff's experience as a carpet installer who worked for Defendant is typical of the experience of the Class.

36.     Specific job titles or job duties of the Class do not prevent collective treatment.

37.     Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendant's liability under the FLSA in this case.

## COUNT I – FLSA OVERTIME VIOLATIONS

38.     Plaintiff realleges and readopts the allegations of Paragraphs 1 through 37 of this Complaint, as fully set forth herein.   Plaintiff brings this action on behalf of himself and all other similarly situated employees in accordance with 29 U.S.C. § 216(b). Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

39.     During the statutory period, Plaintiff and the Class worked overtime hours while employed by Defendant, and they were not properly compensated for all of these hours under the FLSA.

40.     Defendant failed to compensate Plaintiff and the Class for all of the overtime hours that Plaintiff and the Class worked.

41.     The Members of the Class are similarly situated because they were all employed as installers by Defendant, were compensated in the same manner, and were all subject to Defendant's common policy and practice of failing to pay its installers for all of the overtime hours that they worked in accordance with the FLSA.

42.     This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1).   As a result, Plaintiff and the Members of the Class are individually entitled to an amount equal to their unpaid overtime wages as liquidated damages.

43.     All of Defendant's conduct, as alleged and described above, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

44.     As a result of the foregoing, Plaintiff and the Class have suffered damages.

**WHEREFORE**, Plaintiff and all similarly situated employees who join this collective action demand:

(a)     Designation of this action as a collective action on behalf of the Plaintiff and the prospective Class that he seeks to represent, in accordance with the FLSA;

(b)     Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c)     Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d)     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e)     Judgment against Defendant for an amount equal to the unpaid overtime wages of Plaintiff and all opt-in Members of the Class, at the applicable overtime rate;

7

(f)     A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g)     Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiff and all opt-in Members of the Class at the applicable overtime rate, as liquidated damages;

(h)     Judgment against Defendant stating that their violations of the FLSA were willful;

(i)     To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j)     All costs and attorney's fees incurred in prosecuting these claims; and

(k)     For such further relief as this Court deems just and equitable.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this _____ day of July, 2016.

Respectfully submitted,

**BRANDON J. HILL**
Florida Bar Number: 37061
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Main: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: jriley@wfclaw.com
**Attorney for Plaintiff**

8