UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GILBERT CAMARGO,

    Plaintiff,

v.                                                     Case No:   6:16-cv-1348-Orl-31TBS

KBS FLOORING LLC,

    Defendant.

## REPORT AND RECOMMENDATION

This case comes before me on referral from the district judge on Plaintiff's Motion for Entry of Final Judgment and for Attorneys' Fees and Costs (Doc. 10). Upon due consideration I respectfully recommend that the motion be **granted**.

### I. Background

On July 26, 2016, Plaintiff Gilbert Camargo filed this case against his former employer, Defendant KBS Flooring LLC, for unpaid overtime wages, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (Doc. 1).[1] Plaintiff alleges he worked for Defendant as a carpet installer from October 2015 to April 2016 (Id. ¶ 22). Plaintiff alleges that at various times during his tenure with the company, he worked in excess of forty hours per week but was not compensated for his hours worked (Id. ¶ 23). Defendant has not appeared in this case. On August 23, 2016, the Clerk of Court entered a default against Defendant, pursuant to FED. R. CIV. P. 55(a) (Doc. 9). Plaintiff now seeks

---

[1] Plaintiff filed the action on behalf of himself and all other similarly situated installers who were employed by Defendant within the last three years (Doc. 1 ¶10). To date, no other individuals have joined this lawsuit. Therefore, this settlement does not bar claims by other similarly situated individuals against Defendant.

entry of a default judgment against Defendant (Doc. 10). Defendant has not responded and the motion is now ripe for review.

## II. Discussion

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, a defendant's default alone does not require the court to enter a default judgment. DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). Before judgment is entered pursuant to FED. R. CIV. P. 55(b), there must be a sufficient basis in the pleadings to support the relief sought. Id. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short ... a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]

If the facts in the complaint are sufficient to establish liability, then the court must conduct an inquiry to ascertain the amount of damages. See Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985). "Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts." See id. at 1544.

    A. <u>Appropriateness of the Clerk's Entry of Default</u>

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

A plaintiff may serve a corporate defendant by,

> [D]elivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant[.]

FED. R. CIV. P. 4(h)(1)(B). A plaintiff may also serve a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" FED. R. CIV. P. 4(h)(1)(A), 4(e)(1). Florida Statutes permit process to be served on a corporation by serving any one of the following persons: (a) the president, vice president or other corporate head; (b) the cashier, treasurer, secretary, or general manager; (c) any corporate director; (d) any officer or business agent residing in Florida; (e) an agent designated by the corporation under FLA. STAT. 48.091.[3] See FLA. STAT. § 48.081. If the address provided for the registered agent, officer, or director is a residence or private residence, "service on the

---

[3] FLA. STAT. § 48.091 provides that:

> (1)   Every Florida corporation and every foreign corporation now qualified or hereafter qualifying to transact business in this state shall designate a registered agent and registered office in accordance with chapter 607.
>
> (2)   Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours. The corporation shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.

Under the statute, if plaintiff is unable to serve the registered agent because of the failure to comply with FLA. STAT. § 48.091, "service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent." FLA. STAT. § 48.081(3)(a).

corporation may be [made by] serving the registered agent, officer, or director in accordance with s. 48.031." Id. at § 48.081(3)(b). Section 48.031, permits a process server to effect service on "any person residing therein who is 15 years of age or older ..." FLA. STAT. § 48.031(1)(a).

The return of service shows that Sherry Vance, an office manager, accepted service on behalf of Defendant, in the absence of the registered agent and corporate officers (Doc. 5). Service was effected on her at 13302 Winding Oaks Blvd, A-100, Tampa, FL 33602, which is the public address listed for the registered agent.[4] Pursuant to Rule 4(h) and FLA. STAT. § 48.031(3)(a), service on Defendant was proper. Upon being served with the summons and complaint on July 29, 2016, Defendant was required to respond on or before August 19, 2016.   See FED. R. CIV. P. 12(a)(1)(A)(i) ("A defendant must serve an answer within 21 days after being served with the summons and complaint[.]"). Defendant failed to respond to the complaint and the time within to do so has passed. Thus, the clerk's default was properly entered against the corporate defendant.

B.  FLSA Claim

Damages may be awarded only if the record adequately reflects the basis for the award through evidence such as a detailed affidavit. Under the FLSA, an offending employer "shall be liable to the employee or employees affected in the amount of their … unpaid overtime compensation ... and in additional equal amount as liquidated damages."

---

[4] http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=KBSFLOORING%20L090000024750&aggregateId=flal-l09000002475-3c391606-9333-4c36-a48a-339132af8b6f&searchTerm=KBS%20Flooring%20LLC&listNameOrder=KBSFLOORING%20L090000024750

29 U.S.C. § 216(b). If "the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate plaintiff's prima facie case, 'the court may award approximate damages based on the employee's evidence.'" Donald v. Park & Fly, LLC, No. 3:10-cv-41-J-34MCR, 2011 U.S. Dist. LEXIS 139433, at *9 (M.D. Fla. Nov. 7, 2011). The employee may rely on an affidavit to prove damages. Childress v. Bubba's World, LLC, No. 6:09-cv-1955-Orl-28GJK, 2011 U.S. Dist. LEXIS 136994, at *5 (M.D. Fla. Nov. 4, 2011) ("A plaintiff may quantify damages by affidavit or other admissible evidence."). The Court will also consider a plaintiff's answers to the Court's interrogatories to establish reasonable damages. See Bonilla v. Shiner's Car Wash, Case No. 6:12-cv-1649, 2014 U.S. Dist. LEXIS 66297, at *2 (M.D. Fla. April 23, 2014). Ultimately, "[P]laintiff's proof must supply the Court with a just and reasonable inference upon which to calculate [damages]." Roberts v. Lee A. Stephens Sec., Inc., No. 3:05-cv-1196-J-32MCR, 2007 WL 2579599, at *1 (M.D. Fla. May 10, 2007).

Plaintiff alleges he was an hourly paid carpet installer and that Defendant failed to pay him for all hours worked in excess of forty hours from October 2015 to April 2016 (Doc. 1 ¶¶ 22-23). He also avers that he was employed by an enterprise engaged in commerce within the meaning of the FLSA (Id. ¶¶ 15-16). See King v. Stevenson Beer Distrib. Co., Civil Action No. 4:12-cv-911, 2014 U.S. Dist. LEXIS 41568, at *16 (S.D. Tex. Mar. 27, 2014); Ramirez v. Raptor Tech. Grp., Inc., Case No. 5:12-cv-100-Oc-34TBS, 2012 U.S. Dist. LEXIS 91830, at *6 (M.D. Fla. June 8, 2012) (citing Hartsfield v. Express Shipping & Towing, Inc., No. 6:07-cv-540-Orl-31KRS, 2008 U.S. Dist. LEXIS 117451, at *5-6 (M.D. Fla. Jan. 28, 2008)).

Plaintiff claims he is owed a total of $3,720 in damages, which consists of $1,860 in overtime wages and an equal amount in liquidated damages (Doc. 10 at 2; Doc. 10-1). He has submitted an affidavit as evidence of the amount of his unpaid wages (Doc. 10-1). The affidavit is sufficient to establish Plaintiff's actual and liquidated damages. Upon due consideration, I respectfully recommend that the district court award Plaintiff $1,860 in actual damages and an additional $1,860 as liquidated damages.

C. Attorney's Fees

I have considered Attorney Hill's declaration (Doc. 10-2), and although the rate charged is high by Central Florida standards, I am not recommending an adjustment. The amount of time spent litigating this case is reasonable, and I respectfully recommend that the district judge grant Plaintiff's request for $3,000 in fees.

D. Taxation of Costs

Pursuant to 28 U.S.C. § 1920(1), I respectfully recommend the district judge award Plaintiff $400 as reimbursement for the filing fee paid in this case.

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that the district judge **GRANT** Plaintiff's Motion for Entry of Final Judgment and for Attorney's Fees and Costs (Doc. 10).

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual

finding or legal conclusion the district judge adopts from the Report and Recommendation.   See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on September 27, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties