UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GILBERT CAMARGO,

    Plaintiff,

v.                                                                    Case No:   6:16-cv-1348-Orl-31TBS

KBS FLOORING LLC,

    Defendant.

## ORDER

Plaintiff's *Ex Parte* Motion to Seal Writ of Garnishment Documents (Doc. 14) argues that the following documents should be sealed: (1) Plaintiff's proposed order on the motion to seal; (2) his *ex parte* motion for writ of garnishment, directed at Wells Fargo Bank; and (3) his proposed writ of garnishment directed at Wells Fargo Bank (Id. ¶ 3). Plaintiff argues that the Court must seal these documents "to ensure that the Defendant does not remove the funds from the bank accounts Plaintiff seeks to garnish" (Doc. 14 at ¶ 7).

The motion is due to be denied for three reasons. First, Plaintiff did not seek or obtain leave of Court to file the pending motion under seal. Consequently, the information Plaintiff seeks to seal is already in the public record. See (Doc. 14-1; 14-2; 14-3). Second, this is an *ex parte* proceeding and Plaintiff has not demonstrated by evidence that further protection of the information is necessary.[1] Third, Plaintiff has not demonstrated that good cause exists to warrant sealing.[2] Medai, Inc. v. Quantros, Inc., No. 6:12-cv-840-Orl-

---

[1] This is the first time a judgment creditor has asked the undersigned to seal a writ of garnishment. This by itself, suggests that the procedure is unnecessary.

[2] In this Circuit, it is well settled that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern" and the integrity of the judiciary is maintained by the public's

37GJK, 2012 U.S. Dist. LEXIS 90318, at *4 (M.D. Fla. June 29, 2012); Bovie Med. Corp. v. Livneh, Case No. 8:10-cv-1527-T-24EAJ, 2010 U.S. Dist. LEXIS 114485, at *3-5 (M.D. Fla. Oct. 19, 2010); Vista India, Inc. v. Raaga, LLC, Case No. 07-1262, 2008 WL 834399, at *2 (D.N.J. Mar. 27, 2009); M.D. FLA. R. 1.09(a). For these reasons, Plaintiff's motion (Doc. 14) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on March 10, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

---

right of access to court proceedings. Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (citing Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978)). The public's right "includes the right to inspect and copy public records and documents." Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001). "The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." Romero, 480 F.3d at 1246 (quoting Chicago Tribune, 263 F.3d at 1309).